IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Antonio McNealy,

        Plaintiff,

v.                              Case No. 1:21-cv-3957-MLB

Raynita Johnson, et al.,

        Defendants.

_____/

## OPINION & ORDER

Defendants Raynita Johnson, Del Mar Holding, LLC ("Del Mar"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Helmsman Management Services, LLC removed this state court action based on diversity jurisdiction. (Dkt. 1.) Although Plaintiff Antonio McNealy and Defendant Del Mar are citizens of Georgia, Defendant says the Court should disregard Del Mar's citizenship as a product of fraudulent joinder. Plaintiff moves to remand. (Dkt. 5.) The Court finds Defendant Del Mar was fraudulently joined and denies Plaintiff's motion.

## I.   Background

On August 21, 2019, Plaintiff was in a motor vehicle collision. (Dkt. 1-1 ¶ 1.) Plaintiff was assisting a stopped vehicle in the grass median when Defendant Johnson, driving a tractor trailer, bisected lanes to make a right turn and either struck or was struck by a vehicle which then careened into the parked vehicle next to Plaintiff. (*Id.* ¶¶ 11–13.) Plaintiff was thrown into the air and landed on his back which caused severe and permanent injuries to his shoulder, back, neck, and elbows. (*Id.* ¶ 14.) Plaintiff sued Defendants for negligence, punitive damages, and damages. (*Id.* ¶¶ 16–37.) Plaintiff alleges Defendant Johnson was an employee or agent of Del Mar so Del Mar is vicariously liable for her negligent actions or omissions under the doctrine of respondeat superior; Del Mar contracted with Defendant Johnson to transport goods as a motor carrier; Del Mar is a licensed motor carrier; Del Mar negligently hired, trained, supervised, and entrusted Defendant Johnson with the tractor trailer; Del Mar failed to properly maintain the tractor-trailer; Del Mar negligently routed Defendant Johnson, causing her to make an allegedly unsafe and illegal turn; and Del Mar, as Johnson's employer, negligently failed to promulgate and enforce appropriate safety rules.

(*Id.* ¶¶ 5, 21–24.) Defendants removed this action to federal court under 28 U.S.C. § 1332, stating the Court should disregard Del Mar's jurisdiction-destroying citizenship.

## II. Surreply

On November 5, 2021, Defendants moved for leave to file a surreply to Plaintiff's motion to remand. (Dkt. 8.) The filing of surreplies is not authorized under either the local rules of this court or the Federal Rules of Civil Procedure. *Byrom v. Delta Family Care—Disability and Survivorship Plan*, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004). "Although the Court may in its discretion permit the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fredrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (citation omitted). The Court grants Defendants' motion for leave and considers Defendants' surreply because Plaintiff's reply brief attaches two exhibits—a settlement agreement and an email to Plaintiff's counsel—that were not attached to his motion for remand.

### III.  Remand

#### A.  Legal Standard

Litigants may properly remove a case from state to federal court only if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. Aside from cases arising out of the Constitution or law of the United States, district courts have diversity jurisdiction over civil actions between citizens of different states with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). When a party removes a case based on diversity jurisdiction, a federal court must remand the action if complete diversity between the parties is lacking. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). Courts must construe removal statutes narrowly, resolving all doubts against removal. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003).

A plaintiff is the master of his or her allegations, meaning a plaintiff can add whatever parties and claims he or she wants limited only by the

4

Federal Rules of Civil Procedure and applicable laws. Nothing precludes a plaintiff from including a defendant for the purpose of destroying diversity, provided the plaintiff intends to pursue a judgment against the defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998). The Eleventh Circuit has thus recognized that a plaintiff's motivation for adding a defendant—including the specific motive of destroying diversity—is not a basis for remand. *Id.* Tactical joinder is not fraudulent joinder.

The Eleventh Circuit has nevertheless identified two primary situations in which fraudulent joinder may apply: "[t]he first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant . . . [and t]he second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 1287 (internal citation omitted). The Court of Appeals has explained that the removing party has the burden of showing fraudulent joinder by clear and convincing evidence—a burden it characterized as "heavy." *Stillwell*, 663 F.3d at 1332. Finally, district courts determine whether fraudulent joinder exists "based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by

the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). And courts "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Stillwell*, 663 F.3d at 1333. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011).

**B.   Discussion**

Plaintiff contends Defendants cannot make a showing by clear and convincing evidence that there is no possibility he can establish a cause of action against Del Mar. (Dkt. 5 at 1.) Defendants argue, at the time of the accident, Johnson was driving a tractor trailer in the course and scope of her employment with Sherwood Food Distributors, L.L.C. ("Sherwood"). (Dkt. 6 at 1.) They contend the complaint "mistakenly" names Del Mar, a parent company of Sherwood, as Johnson's employer. (*Id.* at 2.) The human resources director for Harvest Sherwood Food Distributors, whose office carries out human resource functions for

Sherwood, testified by declaration that Sherwood's payroll records show Johnson was employed by Sherwood on August 21, 2019. (Dkt. 1-3 ¶ 2.) Del Mar's secretary, Sara Gangel, testified by affidavit that Del Mar is a holding company with a financial interest in Sherwood, a separate company. (Dkt. 6-1 ¶ 2.) Ms. Gangel testified that Del Mar (1) has never employed, retained, contracted with, or had an agency relationship with Johnson; (2) did not and does not have permits to operate as a motor carrier and did not contract with Johnson to act as a motor contract carrier; (3) did not hire, train, retain, or supervise Johnson, (4) did not entrust Johnson with the tractor trailer she was driving at the time of the collision; (5) did not own, lease, or possess the tractor trailer; and (6) did not and does not perform hiring, supervision, safety, training, or rulemaking functions for Sherwood, including determining driver routes, conducting background checks, or maintaining tractor trailers. (*Id.* ¶¶ 3–7.) Defendants contend, based on the foregoing, there is no possibility Del Mar can be liable to Plaintiff under the employer liability theories in the complaint, including vicarious liability for Johnson's alleged negligence or independent negligence in hiring or retaining Johnson. (Dkt. 6 at 5–6.) In the face of this evidence, Plaintiff argues Del Mar "has

7

recognized, acknowledged, admitted, and absolutely conceded that it is the most prominent interested defendant in this present litigation." (Dkt. 7 at 2.) Plaintiff cites a release and indemnification agreement executed by the estate of another claimant injured in the subject accident which names Del Mar as one of the released parties and an email between Liberty Mutual and Plaintiff's counsel which states Liberty Mutual's customer is Del Mar. (Dkts. 7 at 2–3; 7-1 at 1; 7-2.) These documents, however, show only that Del Mar is a parent company of Sherwood.[1] Nothing in the documents undermines, contradicts, or raises an issue of fact about the statements in the declarations which establish Johnson was not Del Mar's employee, and Del Mar had no role in hiring or retaining Johnson. *See Legg*, 428 at 1323 (where defendants submit affidavits that are undisputed by the plaintiff, "the court cannot then resolve the facts in the Plaintiff['s] favor based solely on the unsupported

---

[1] Del Mar's status as a parent company cannot establish potential liability by piercing the corporate veil or any other theory of agency and cannot be a basis for remand since the complaint does not allege Del Mar is liable for Sherwood's tort via any theory of agency or derivative liability. *See Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1305 (S.D. Ala. 2010) ("[P]ost-removal assertion of a viable cause of action against a fraudulently joined defendant does not strip the Court of subject matter jurisdiction that existed at the time of removal.").

allegations in the Plaintiff['s] complaint"). While the Court is required to resolve all questions of fact in Plaintiff's favor, on this record, there is no "disputed fact" or question of credibility for the Court to resolve. *Compare Legg*, 428 F.3d at 1323 (finding plaintiffs' evidence did not rebut pharmaceutical sales representative's sworn statement that she had no knowledge of the drug's dangerous side effect) *with Taylor Newman Cabinetry*, 436 F. App'x at 892 (finding evidence sufficient to raise a credibility issue where plaintiffs showed that defendant was the operations manager and last one to leave the premises prior to the fire such that "[the defendant's] responsibilities together with the circumstances of the fire *might* be sufficient to demonstrate his personal participation in the tort despite his testimony to the contrary" (emphasis in original)). The Court finds Plaintiff has no possible cause of action against Del Mar based on vicarious liability for Johnson's alleged negligence or independent negligence in hiring or retaining Johnson because Del Mar was not Johnson's employer.

## IV. Conclusion

Defendant Del Mar has been fraudulently joined. The Clerk is directed to **DROP** Del Mar as a party to this action. Thus, The Court

**DENIES** Plaintiff's Motion to Remand.  (Dkt. 5.)  The Court **GRANTS** Defendants' Motion for Leave to File Sur-Reply.  (Dkt. 8.)

**SO ORDERED** this 5th day of April, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE